# UNITED STATES *v.* NAVARRE.

### APPEAL FROM THE COURT OF CLAIMS.

No. 393. Submitted January 9, 1899. — Decided February 20, 1899.

Claims for depredations on the Pottawatomie Indians committed by Indians were properly allowed by the Secretary of the Interior under the treaty of August 7, 1868, and are valid claims.

The case is stated in the opinion.

*Mr. Charles C. Binney* and *Mr. Assistant Attorney General Pradt* for the United States.

*Mr. J. H. McGowan* and *Mr. John Wharton Clark* for Navarre.

Mr. Justice McKenna delivered the opinion of the court.

Claims for depredations committed on members of the Pottawatomie tribe of Indians were referred to the Court of Claims for adjudication by the acts of Congress hereafter quoted.

The appellees in pursuance of said acts of Congress filed a petition setting forth claims for depredations committed on them by white men, and prayed judgment therefor.

The proof showed depredations committed by Indians as well as by white men, and the Court of Claims gave judgment accordingly, and the United States appealed.

Only the claims allowed for property taken by Indians are contested. They amount to the sum of $5890.

The right to recover was based on the tenth article of the treaty with the Pottawatomie Indians, proclaimed August 7, 1868. 15 Stat. 531, 533. It provided as follows: "It is further agreed that upon the presentation to the Department of the Interior of the claims of said tribe for depredations committed by others upon their stock, timber or other property, accompanied by evidence thereof, examination and report shall be made to Congress of the amount found to be equitably due, in order that such action may be taken as shall be just in the premises."

The court below found that "under said treaty these claims were by the Secretary of the Interior transmitted, with the evidence in support thereof, to Congress for its action thereon; and by Congress, under the acts of March 3, 1885, c. 341, and March 3, 1891, c. 543, said claims, with all evidence, documents, reports and other papers pertaining to same, were referred to this court to be adjudicated and determined." 23 Stat. 362, 372; 26 Stat. 989, 1011.

Nothing was done under the act of March 3, 1885. It seems to be conceded that the reason was because the act required strictly legal evidence of the claims.

The act of March 3, 1891, is as follows:

"That the claims of certain individual members of the Pottawatomie Nation of Indians, their heirs or legal representatives, for the depredations committed by others upon their stock, timber or other property, reported to Congress under the tenth article of the treaty of August 7, 1868, be, and the same are hereby, referred to the Court of Claims for adjudication. And said court shall, in determining said cause, ascertain the amounts due and to whom due by reason of actual damage sustained.

" And all papers, reports, evidence, records and proceedings relating in any way to said claims now on file or of record in the Department of the Interior or any other Department, or on file or of record in the office of the secretary of the Senate or the office of the clerk of the House of Representatives, shall be delivered to said court, and in considering the merits of the claims presented to the court all testimony and reports

of special agents or other officers and other papers now on file or of record in the departments of Congress shall be considered by the court, and such value awarded thereto as in its judgment is right and proper."

The contention of the United States depends on the meaning of the words in the act, " for the depredations committed by others." Exactly the same words are used in article 10 of the treaty, and the Secretary of the Interior, exercising his duty, reported claims for depredations, by both Indians and white men, to Congress for its action. They were, therefore, claims for depredations "reported to Congress under the tenth article of the treaty of August 7, 1868." But it is argued, and ably so, that claims for depredations by other Indians were improperly reported.

We do not think it necessary to review the argument in detail. It is sufficient to say that Congress had before it when it legislated all the claims, and did not discriminate between them. If the meaning of the treaty was doubtful, it was competent for Congress to resolve the doubt and accept responsibility for all claims. It was natural enough for it to adopt the interpretation of the Interior Department. At any rate, it did not distinguish between the claims. Its language covers those which came from the acts of Indians as well as those which came from the acts of white men.

*Judgment affirmed.*